IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS FARINAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-008 |
| | ) | |
| THOMAS KANE and SARAH SALDANA, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at McRae Correctional Institution ("MCI") in McRae, Georgia, commenced the above-captioned case ostensibly pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Because Plaintiff is incarcerated and seeks redress from a governmental entity or officer or employee of a governmental entity, Plaintiff's complaint must be screened to protect potential defendants. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.

**I.      SCREENING OF THE COMPLAINT**

    **A.      BACKGROUND**

Plaintiff names as Defendants: (1) Thomas Kane; and (2) Sarah Saldana. (Doc. no. 1, p. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Neither the Federal Bureau of Immigration and Customs Enforcement ("ICE") nor the Bureau of Prisons ("BOP") considers whether Plaintiff is a non-deportable immigrant or an

American national who owes permanent allegiance to the United States in determining whether to place a detainer against him. (Id. at 1-2.) Plaintiff served in the United States Army and was discharged honorably. (Id. at 2.) Plaintiff is a non-deportable Cuban, but ICE Director Sarah Saldana placed a detainer against him. (Id.) Because of the detainer, BOP Director Thomas Kane excluded him from: (1) participating in a one-year sentence reduction upon completion of the Residential Drug Abuse Program ("RDAP"); (2) participating in a Residential Reentry Center or home detention for the last twelve months of his sentence; (3) being transferred to a facility closer to his family; and (4) being placed in a minimum security prison camp. (Id.) Furthermore, Plaintiff is housed in a low-security private prison, where the treatment of prisoners, conditions of confinement, food, and healthcare are worse. (Id.) The private prisons offer lower pay, less training, and fewer educational programs for employees and experience hiring shortages. (Id. at 2-3.) BOP should not exclude legal and illegal immigrants from participating in the one-year sentence reduction upon completion of RDAP. (Id. at 3.) Plaintiff states he is not required to exhaust administrative remedies as an "alien habeas petitioner with a detainer in place against him." (Id.)

As relief, Plaintiff requests: (1) removal of the ICE detainer filed against him; (2) $75,000 in damages against Ms. Saldana; (3) $75,000 in damages against Mr. Kane; (4) Mr. Kane to stop excluding legal and illegal immigrants from participating in the one-year sentence reduction upon completing RDAP; and (5) Mr. Kane to stop excluding non-deportable inmates such as American nationals and Cubans from being placed in halfway houses and minimum security prison camps. (Id. at 4-5.)

**B.     DISCUSSION**

While Plaintiff describes this case as a "Bivens Civil Rights Action," refers to himself predominantly as "plaintiff," and seeks money damages, Plaintiff also challenges his ICE detainer and exclusion from certain BOP programs. Thus, Plaintiff appears to have filed a "mixed" petition asserting claims under both Bivens and 28 U.S.C. § 2241. See Gonzales-Corrales v. I.C.E., 522 F. App'x 619, 622-23 (11th Cir. 2013) (treating filing as "mixed" petition and addressing both § 2241 and Bivens claims). However, as described below, Plaintiff is not entitled to relief under either characterization.

**1.     Plaintiff's Bivens Claims Should Be Dismissed Because Plaintiff Failed to Exhaust Administrative Remedies**

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321,

1325 (11th Cir. 1998).  Federal regulations provide the procedure for federal inmates to exhaust administrative remedies, including submission of grievances and appeals by prisoners who are dissatisfied with a response to a grievance.  See 28 C.F.R. §§ 542.14, 542.15.

Furthermore, the PLRA also "requires proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way.  Id. at 90 (internal quotation omitted).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims.  Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, prisoners must complete the administrative process *before* initiating suit.  Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective."  Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326.  Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'"  Johnson, 418 F.3d at 1155, 1156.

Here, Plaintiff acknowledges he has not exhausted his administrative remedies but argues exhaustion is not required where an "alien habeas petitioner" challenges a BOP regulation preventing him from participating in programs due to a detainer.  (Doc. no. 1, pp.

4

3-4.)  Plaintiff cites decisions by the Fifth Circuit addressing the exhaustion requirement for § 2241 petitions in support.  (Id. at 4 (citing Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)).  However, the Eleventh Circuit has determined prisoners asserting Bivens claims must exhaust available administrative remedies, even when those remedies are futile or inadequate.  Alexander v. Hawk, 159 F.3d 1321, 1325-28 (11th Cir. 1998); see also Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006) (citing Alexander).  Accordingly, because it is plain from the face of his complaint Plaintiff failed to exhaust administrative remedies prior to submitting his complaint, Plaintiff's Bivens claims should be dismissed without prejudice for failure to exhaust administrative remedies.

### 2. Plaintiff's § 2241 Claims as to His Detainer Should Be Dismissed For Lack of Jurisdiction

Plaintiff challenges the ICE detainer lodged against him because he is a non-deportable immigrant.  (Doc. no. 1, pp. 1-2.)  However, the Court does not have jurisdiction under § 2241 to hear Plaintiff's challenge regarding his immigration detainer.  Despite his ICE detainer, Plaintiff remains in custody at MCI.  (Doc. no. 1, p. 5.)  Because a writ of habeas corpus grants relief from unlawful custody, see 28 U.S.C. §2241(c), jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner.  See Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]."), *superseded by statute on other grounds as explained*, Themeus v. United States Dep't of Justice, 643 F. App'x 830, 832 (11th Cir. 2016) (*per curiam*). Because Plaintiff challenges the detainer lodged against him by ICE, the Court only has jurisdiction if

Plaintiff is in the custody of ICE. He is not.

The mere lodging of an ICE detainer does not by itself cause a petitioner to come within ICE's custody for purposes of § 2241. Orozco, 911 F.2d at 541; Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*); Roberts v. INS, 372 F. App'x 921, 924 (11th Cir. 2010) (*per curiam*). Plaintiff is currently serving his federal sentence and thus is not being held pursuant to an immigration detainer and is not in ICE's custody. The only proper respondent to a § 2241 petition is the person having custody of the petitioner, which for Plaintiff is the Warden of MCI and not Respondents Kane and Saldana. Thus, jurisdiction under § 2241 is lacking and the petition must be dismissed. Orozco, 911 F.2d at 541; Roberts, 372 F. App'x at 924; Louis, 524 F. App'x at 583-84 (11th Cir. 2013).

### 3. Plaintiff's Equal Protection Claim Fails on the Merits

Plaintiff argues excluding non-deportable inmates from BOP programs constitutes an Equal Protection violation. (Doc. no. 1, pp. 4-5.) Even assuming Plaintiff may challenge his ineligibility for BOP programs in a § 2241 petition and there is a futility exception to the exhaustion requirement,[1] Plaintiff's equal protection challenge to his ineligibility for BOP programs fails on the merits because the challenged action does not rise to the level of a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

Prison officials do not offend equal protection principles by excluding prisoners from

---

[1] See Jenner v. Stone, CV 317-068, doc. no. 17 (S.D. Ga. May 16, 2018) (considering petitioner's equal protection challenge to his ineligibility for BOP programs based on his public safety factor classification as alien prisoner in § 2241), *adopted by*, doc. no. 19 (S.D. Ga. June 13, 2018).

such programs based on substantive differences such as security classifications or detainers. See, e.g., Smith v. Hoff, No. 2:17-cv-008, 2017 WL 3429358, at *4, n.4 (S.D. Ga. Aug. 9, 2017), *adopted by*, 2017 WL 4782679 (finding prisoners have no equal protection interest in eligibility for assignment to halfway houses) (citing McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999)); Baranwal, 2015 WL 171410 at *3 (holding exclusion of prisoners with public safety factors from home eligibility does not offend equal protection principles) ; Caba v. United States, No. CV 3:10-082, 2010 WL 5437269, at *2 (S.D. Ga. Nov. 30, 2010), *adopted by*, 2010 WL 5441919 (same).  Here, Plaintiff acknowledges ICE placed a detainer on him, even though he is a non-deportable Cuban, and he is being excluded from participation in BOP programs because of the detainer.  (Doc. no. 1, pp. 2-3.)  Accordingly, Plaintiff is not entitled to relief based on his Equal Protection claim.

**II.     CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed *in forma pauperis* be **DENIED** as **MOOT**, (doc. no. 3), Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of February, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA